United States District Court
Southern District of Texas
**ENTERED**
January 03, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MICHELE ANN BROUSSARD, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-cv-02359 |
| | § | |
| FORT BEND INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Before me is Defendant Fort Bend Independent School District's Rule 12 Motion to Dismiss Plaintiff's Original Complaint ("Motion to Dismiss"). *See* Dkt. 16. For the following reasons, I **GRANT** the motion and dismiss this case.

## BACKGROUND

Pro se Plaintiff Michelle Ann Broussard ("Broussard") filed this lawsuit against Fort Bend Independent School District ("FBISD"), alleging race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended. The Complaint is a form document that required Broussard to respond to several prompts. The only substantive allegation in the body of the Complaint is as follows:



Dkt. 1 at 2. In addition, the Complaint includes, as an attachment, the Charge of Discrimination Broussard filed with the Equal Employment Opportunity Commission. The Charge of Discrimination, in its entirety, alleges the following:

> On December 18, 2020, I was discharged from the position of Cafeteria Specialist. I began my employment with the above-named company in June 2016.
>
> During my tenure, I complained to management about the harassment from Lisa Cornejo, Kitchen Supervisor, and Lourdes (Last Name Unknown) both Hispanics. Consequently, on December 11, I was sent home pending an investigation. Consequently, I was discharged because an employee reported I was cursing Pablo (Last Name Unknown) Hispanic, during a meeting, which is not true.
>
> The District has a pattern of discrimination towards Black employees. I am aware of Black employees being discharged for petty reasons and already provided the names to the EEOC.
>
> I believe that I have been discriminated against because of my race, (Black), and retaliated against for making a protected protest in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.* at 6.

FBISD's Motion to Dismiss asks me to dismiss the discrimination and retaliation claims for failure to state a claim upon which relief may be granted. In particular, FBISD argues the discrimination claim fails because the Complaint is "wholly devoid of facts tending to show that her termination was in any way related to her race or a protected activity." Dkt. 16 at 2. The retaliation claim, FBISD insists, flops because Broussard "has not alleged that she did in fact engage in a protected activity sufficient to trigger Title VII's anti-retaliation provision." *Id.* Broussard has failed to respond to the Motion to Dismiss.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party is entitled to dismissal when the opposing party fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, I must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *See Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017). Because a complaint must be liberally construed in favor of the plaintiff, a motion to dismiss under Rule 12(b)(6) is generally viewed with disfavor and is rarely granted. *See Brown v. Phoenix Life Ins. Co.*, 843 F. App'x 533, 538–39 (5th Cir. 2021). Although pro se plaintiffs are held "to a more lenient standard than lawyers when analyzing complaints, . . . pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

Under the Local Rules for the Southern District of Texas, which give a non-movant 21 days to respond to a motion, Broussard should have filed a response to the Motion to Dismiss by November 8, 2021. *See* S.D. TEX. L.R. 7.3 and 7.4. To date, Broussard has not filed a response to the Motion to Dismiss. Even so, the Fifth Circuit has held that it is improper to grant a motion to dismiss solely based on a plaintiff's failure to respond under the Local Rules. *See Johnson v. Pettiford*, 442 F.3d 917, 918–19 (5th Cir. 2006). Accordingly, I will consider the Motion to Dismiss on the merits.

## ANALYSIS

### A.   BROUSSARD HAS FAILED TO PLEAD A PLAUSIBLE CLAIM FOR RACE DISCRIMINATION

Title VII prohibits employers from discriminating against any individual based on race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). At the motion-to-dismiss stage, Broussard "need not submit evidence to establish the prima facie case for discrimination, [but] she must plead sufficient facts on all of the ultimate elements of the claim to make her case plausible." *Davis v. Tex. Health & Hum. Servs. Comm'n*, 761 F. App'x 451, 454 (5th Cir. 2019). *See also Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Chhim*, 836 F.3d at 470; *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). To state

a claim for discrimination under Title VII, a plaintiff must plead that she "(1) is a member of a protected class, (2) was qualified for the position that [she] held, (3) was subject to an adverse employment action, and (4) was treated less favorably than others similarly situated outside of [her] protected class." *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017).

Here, FBISD correctly observes that Broussard's Complaint does not sufficiently state a claim for employment discrimination under Title VII. Even taking Broussard's allegations as true and construing them liberally, as I must, Broussard fails to plead with any specificity that she was treated less favorably than others similarly situated outside of her protected class. The full extent of the Complaint's factual allegations merely state that (1) Broussard complained to management about harassment from two Hispanic employees; (2) she was sent home pending an investigation; (3) she was ultimately terminated "because an employee reported [Broussard] was cursing" at a Hispanic coworker; (4) she thinks there is a pattern of discrimination at the school district because other Black employees have been discharged for "petty reasons;" and (5) she believes FBISD discriminated against her because of her race. Dkt. 1 at 6. These allegations are not enough to raise Broussard's right to relief under Title VII for employment discrimination above the speculative level.

Missing from the Complaint are any alleged facts, direct or circumstantial, that would suggest FBISD's actions were based on Broussard's race or that FBISD treated similarly situated employees of other races more favorably. *See Raj*, 714 F.3d at 331 (affirming Rule 12(b)(6) dismissal of Title VII discrimination claim where plaintiff "did not allege any facts, direct or circumstantial, that would suggest [defendant]'s actions were based on [plaintiff]'s race or national origin or that [defendant] treated similarly situated employees of other races or national origin more favorably"); *Hendrix v. iQor Inc.*, No. 3:20-CV-0437-N-BT, 2021 WL 3040776, at *5 (N.D. Tex. June 7, 2021) (dismissing Title VII discrimination claim because the plaintiff "[did] not identify particular employees or describe specific

4

situations involving similarly situated non-African American employees, who were treated more favorably"). Also absent from the Complaint are any factual allegations indicating that FBISD terminated Broussard's employment *because of* her race. Broussard's unsupported suspicion that racial discrimination was the root of her termination will not suffice. Simply put, Broussard's "allegations are too conclusory for the Court to reasonably infer that she was treated differently than other similarly situated employees because of her race." *Hendrix*, 2021 WL 3040776, at *5. *See* also *Thornton v. Dall. ISD*, No. 13-CV-3012-P, 2014 WL 46398, at *3 (N.D. Tex. Jan. 6, 2014) ("While a plaintiff is not required to plead a prima facie case based on discrimination and retaliation at the pleading stage for purposes of Rules 8 and 12(b)(6), he must set forth allegations that would enable the court to reasonably infer that his employer or employment agency discriminated against him in violation of Title VII and took the alleged adverse employment action because he engaged in protected activity." (quotation omitted)). As a result, Broussard's Title VII discrimination claim must be dismissed.

B. **BROUSSARD HAS FAILED TO PLEAD A PLAUSIBLE CLAIM FOR RETALIATION**

I next turn to Broussard's retaliation claim. Although "a plaintiff need not make out a prima facie case of [retaliation] in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim," the prima-facie standard "has some relevance at the motion-to-dismiss stage," because in order to sufficiently state a Title VII-retaliation claim, "a plaintiff must plead sufficient facts on all of the ultimate elements to make her case plausible." *Jenkins v. La. Workforce Comm'n*, 713 F. App'x 242, 244, 244 (5th Cir. 2017) (quotations omitted). The prima facie elements for a retaliation claim require a showing that "(1) [Broussard] engaged in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that there was a causal connection between the participation in the

5

protected activity and the adverse employment decision." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 407–08 (5th Cir. 1999).

In its Motion to Dismiss, FBISD contends that Broussard's retaliation claim is not plausible because she pleads no facts relating to the first or third elements. I concur.

The first element requires Broussard to allege that she engaged in activity protected by Title VII. "Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (quotation omitted). From reading the Complaint, I am unable to decipher exactly what protected activity allegedly occurred. The only possible protected activity that can be inferred from the live pleading is that Broussard complained to management about harassment from two Hispanic employees. But even this conclusory allegation falls well short of the mark. Broussard's lawsuit indicates that she began her employment with FBISD in June 2016. The Charge of Discrimination, which I consider part of the Complaint since it is attached to the pleading, specifically states: "During my tenure, I complained to management about the harassment from Lisa Cornejo, Kitchen Supervisor, and Lourdes (Last Name Unknown) both Hispanics." Dkt. 1 at 6. Even giving Broussard every benefit of the doubt at this pleading stage, there are simply no factual allegations that raise her right to relief on the retaliation claim above the speculative level. What exactly was the allegation of harassment? When did the alleged harassment occur? When did she complain of the harassment? To whom did she complain? As FBISD notes in its Motion to Dismiss: "Without this very basic factual support, [Broussard's] Complaint does not state a claim for retaliation, as the fact that [Broussard] complained about two co-workers who happened to be Hispanic does not automatically transform [Broussard's] complaint into a Title VII protected activity." Dkt. 16 at 7–8.

As far as the third element is concerned, Broussard must allege sufficient facts that a causal link exists between her protected activity and the adverse employment action, which in this case is her termination from employment. The problem with the Complaint is that there are no facts pled that shed any light on the causation element. All I know from reviewing the lawsuit is that Broussard complained to management about harassment from two employees sometime between June 2016 and December 11, 2020—a time period covering almost four and a half years. She was sent home on December 11, 2020, pending an investigation, and then terminated on December 18, 2020. That is literally all I can discern from the Complaint. Given the paucity of facts set forth in the Complaint tying Broussard's report of harassment to her termination, I conclude that she has failed to plead sufficient facts to make her case plausible. A plaintiff is not entitled to relief when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Accordingly, the retaliation claim must also be dismissed.

## CONCLUSION

For the reasons identified above, Broussard's Title VII discrimination and retaliation claims should be dismissed. I will enter a separate final judgment.

SIGNED this 3rd day of January 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE